IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS DART, SHERIFF OF COOK COUNTY | ) ) ) | |
| Plaintiff, | ) ) ) | Case No.  09 CV 1385 |
| v. | ) ) | Judge John F. Grady |
| CRAIGSLIST, INC., | ) ) ) | |
| Defendant. | ) ) ) ) | |

**THE SHERIFF'S MOTION FOR JOINDER AND PROPOSED LEAVE TO AMEND THE COMPLAINT**

NOW COMES THOMAS DART, as Sheriff of Cook County, Illinois ("the Sheriff"), by and through his attorneys, QUERREY & HARROW, LTD., and for his Motion for Joinder and Proposed Leave to Amend the Complaint, states as follows:

**INTRODUCTION**

The Sheriff seeks to join additional parties, Women of Power Alumni Association and Dreamcatcher Foundation, as Plaintiffs to this suit. These entities are non-profit, Chicago-based organizations that assist at-risk women who have been incarcerated for crimes such as prostitution. These organizations are directly impacted by the nuisance created by Craigslist as they have rehabilitated women arrested for prostitution through Craigslist. Because the nuisance claim of the proposed Plaintiffs is indistinguishable from that brought by the Sheriff in the original Complaint, joinder is proper.

Dockets.Justia.com

## BACKGROUND

Rule 20(a) allows permissive joinder of plaintiffs. Rule 20 has two requirements for joinder: (1) the right to relief sought by all plaintiffs must arise out of the same series of transactions or occurrences; and (2) a common question of law or fact as to all plaintiffs must arise in the action. *Rowell v. Voortman Cookies, Ltd.,* 2005 U.S. Dist. LEXIS 20260, *7 (N.D. Ill. 2005). Both requirements must be satisfied for joinder to be proper under Rule 20. *Id.* The two requirements are satisfied here.

Joinder promotes efficiency and helps avoid inconsistent judgments because all interested parties may be joined in a single proceeding. *Hussain v. TCF Bank,* 2004 U.S. Dist. LEXIS 12035, *6 (N.D. Ill. 2004). Consistent with this policy, courts have broad discretion in applying Rule 20 to reduce inconvenience, delay, and added expense to the parties and to the court. 7 Charles Alan Wright et. al., *Federal Practice and Procedure* § 1653 at 410-12 (3d ed. 2001). The Supreme Court has noted that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs.* 383 U.S. 715, 724 (1966). Thus, Rule 20 is to be construed liberally to promote trial convenience. *Dugan v. West Chicago,* 2008 U.S. Dist. LEXIS 104549 at *2 (N.D. Ill. 2008).

## ARGUMENT

### A.     The Claim Remains the Same as That of the Original Complaint.

The relief sought by all Plaintiffs arises out of Craigslist's facilitation of prostitution. Because this nuisance is the same occurrence addressed in the Sheriff's action, the first element of Rule 20 is met.

2

"There is no rigid rule as to what constitutes the same series of transactions or occurrences for purposes of joinder under Rule 20." *Martinez v. Robinson*, 2001 WL 498407 (S.D.N.Y. 2001). In ascertaining whether a particular factual situation constitutes a single occurrence, a case-by-case approach is used. *Bailey v. Northern Trust Co.*, 196 F.R.D. 513 (N.D. Ill. 2000). This requirement is satisfied if there is some connection or logical relationship between various transactions or occurrences. *Mymail, Ltd. v Am. Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004). A logical relationship exists if there is some nucleus of operative facts or law. *Id.*

The nucleus of operative facts is the nuisance created by Craigslist's adult services section. The Plaintiffs are directly impacted by this streamlined source of prostitution. The Plaintiffs have been forced to direct time, money, and resources at Craigslist's facilitation of prostitution. The Plaintiffs have interacted with the victims of trafficking and prostitution caught on Craigslist. The alignment of the Plaintiffs' interests is best captured by the fact that the gravamen of the original Complaint remains unchanged. The Plaintiffs all assert Craigslist's proliferation of prostitution is a nuisance.

Courts are more inclined to find claims arise out of the same occurrence when separate trials would result in delay, inconvenience, and added expense due to the likelihood of overlapping proof and duplicative testimony. *Maclin v. Northern Telecom, Inc.*, 1996 U.S. Dist. LEXIS 12565 at *6 (N.D. Ill. 1996). As discussed above, the claim of the proposed Plaintiffs in the proposed Amended Complaint (attached hereto as Exhibit

A) is the exact claim brought by the Sheriff in the original Complaint. Thus, joinder of these claims would promote judicial economy and spare the parties from added expense, inconvenience, and delay.

The second requirement of Rule 20 is also met as there are common questions of law and fact. The rule does not require that all questions of law and fact raised by the dispute be common. On the contrary, Rule 20(a) provides for a joinder of parties if there is any question of law or fact common to all. *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408 (S.D. N.Y. 1989). There is a single question of law: is adult services a nuisance? Whether Craigslist's actions constitute a nuisance applies to all Plaintiffs. Thus, this case epitomizes a common question of law.

Craigslist cannot claim prejudice. Prejudice can occur in joinder actions where one of the following circumstances is present: (1) the joinder would cause undue delay in the final disposition of an action; and (2) the joinder brings entirely new and separate claims. *Chavez v. The Illinois State Police*, 1999 WL 515483, *2 (N.D. Ill. 1999). Neither factor is present here.

There are no new claims. Additionally, Plaintiffs have not delayed. The Sheriff filed his Complaint on March 5, 2009. On May 13, 2009, Craigslist presented its Motion for Judgment on the Pleadings. At that point, Craigslist informed the Court it was closing its erotic services section. Both parties believed at that time that this change might moot the case. But over the last month, the Sheriff has determined the new section, adult services, is no different from its predecessor. As such, this case has been

in a state of flux over the last two months. The Plaintiffs have not delayed, but rather have been attempting to gauge the implications of the changes to Craigslist's site.

Because the nuisance claim of the proposed Plaintiffs mirror that of the Sheriff's Complaint, Plaintiffs can satisfy the same transaction or occurrence requirement and common question of law requirement under Rule 20(a). Therefore, joinder is appropriate.

**B.** **If Joinder is Permitted, the Court Should Grant Leave to Amend.**

**1.** **This Court Would Have Jurisdiction Over the Proposed Additional Plaintiffs.**

Present Plaintiff Sheriff Dart is a citizen of Illinois. (Compl. at ¶ 9). Craigslist is a Delaware corporation with its principal place of business in San Francisco, California. (Compl. at ¶ 8). Accordingly, the Court has jurisdiction based on diversity of citizenship; see 28 USCA § 1332 (a). Women of Power and Dreamcatcher Foundation are citizens of a state other than Delaware and California. Accordingly, the diversity basis for the Court's jurisdiction would be preserved, despite the addition of the proposed Plaintiffs.

**2.** **Pursuant to Rule 15, Leave to Amend Here is Warranted.**

In light of the policy favoring amendments, there are few circumstances where an amendment is properly denied. The opposing party must show significant prejudice to oppose an amendment, which Craigslist cannot do. Amended pleadings are governed by Federal Rule of Civil Procedure 15(a) which provides that: "a party may

amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a).

The instruction of Rule 15(a) to permit amendment is to be applied with extreme liberality. *Sides v. City of* Champaign, 496 F.3d 820, 825 (7th Cir. 2007). Though leave to amend may not be given automatically, the circumstances where amendment may be denied are limited: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Ynclan v. Dept. of the Air Force,* 943 F.2d 1388 (5th Cir. 1991). Those circumstances are not present here. Plaintiffs have not been dilatory in bringing this Motion. There is no trial date set, discovery has not yet commenced, and the parties have taken no depositions. While a Motion for Judgment on the Pleadings is pending, the central question of that Motion – application of 47 U.S.C. § 230 – is a legal one.

The primary consideration in deciding whether to permit an amendment focuses on whether the non-moving party will be prejudiced due to unfair disadvantage or deprivation of the opportunity to discover and present facts. *In re Vitamins Antitrust Litigation,* 217 F.R.D. 34, 36-37 (D.D.C. 2003). Absent a finding of prejudice, a motion to amend should be granted. *See* 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (1991) ("If no prejudice is found, then leave normally will be granted.").

For example, in *Scott Timber Co. v. United States*, 44 Fed. Cl. 170 (1999), the defendant failed to identify any disadvantage it would suffer as a result of plaintiff's amendments. The court reasoned that the amended complaint added only an additional theory of recovery and was based on the same operative facts as plaintiff's original complaint. *Id.* at 182. That defendant would be inconvenienced by the need to brief plaintiff's additional claims was not prejudice. *See also Buder v. Merrill Lynch, Pierce, Fenner & Smith*, 644 F.2d 690, 694 (8th Cir. 1981) ("Where the facts on which a previously unasserted claim is based are all known or available to all parties, there is no prejudice in allowing an amended complaint.").

The type of prejudice courts look for to deny amendment is more substantial than anything Craigslist may proffer here. For example, in *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), the Ninth Circuit held the district court did not abuse its discretion in refusing to permit an amendment after a delay of nearly two years. *Id.* In so holding, the court stressed "the new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Id. Morongo* demonstrates an instance where denial of amendment was proper. In contrast, Craigslist will not be substantially prejudiced by the addition of new Plaintiffs. The timeframe is short-two months since the Motion for Judgment on the Pleadings. The new claim is the same as that in the current Complaint: injury caused by Craigslist's nuisance.

## CONCLUSION

The proposed Plaintiffs add a necessary dimension to this case. They demonstrate the actual costs incurred and resources expended by a non-government entity because of Craigslist's nuisance. Accordingly, like the Sheriff, they seek to bring a single count nuisance action.

WHEREFORE, Sheriff Dart respectfully requests that the Court grant the Motion to Join Women of Power and Dreamcatcher Foundation as parties to this action, and that the Court allow the proposed Plaintiffs to file the Amended Complaint attached as Exhibit A.

Respectfully submitted,

The Sheriff of Cook County.

By: s/ Daniel F. Gallagher
    One of the Sheriff's attorneys

    Daniel F. Gallagher
    Paul O'Grady
    Christopher P. Keleher
    Querrey & Harrow, Ltd.
    175 West Jackson Blvd.
    Suite 1600
    Chicago, IL  60604
    (312) 540-7000